131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Frank GOODWIN, Defendant-Appellant.
 No. 96-50375.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted October 8, 1997.
Decided November 21, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-93-00067-GLT; Gary L. Taylor, District Judge, Presiding.
 Before: O'SCANNLAIN, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Goodwin appeals his conviction on twelve counts of bank fraud under 18 U.S.C. § 1014, claiming insufficient evidence and error in the jury instructions. He also appeals his sentence, arguing that the trial court improperly calculated the loss attributable to his conduct under U.S.S.G. § 2F1.1. We find insufficient evidence to support his conviction on Counts Two and Three, but affirm on all other counts. We find no error in the jury instructions or in the district court's loss calculations under the Sentencing Guidelines. Accordingly, we affirm in part, reverse in part, and remand for resentencing. As the parties are familiar with the facts, we need not repeat them here.
 
 
 3
 * In examining the sufficiency of the evidence, we must determine "whether ... any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The evidence must be viewed in the light most favorable to the prosecution. Id. The government is entitled to all reasonable inferences that may be drawn from the evidence. United States v. Vaughn, 797 F.2d 1485, 1489 (9th Cir.1986).
 
 
 4
 18 U.S.C. § 1014 provides in pertinent part:
 
 
 5
 Whoever knowingly makes any false statement or report ... for the purpose of influencing in any way the action of ... any institutions the accounts of which are insured by the Federal Deposit Insurance Corporation ... upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, or loan, or any change or extension of any of the same, by renewal, deferment of action, or otherwise, or the acceptance, release, or substitution of security thereof, shall be [punished as provided by law.]
 
 
 6
 The essential elements of section 1014 require the government to prove that the defendant: 1) knowingly made false statements to a bank; 2) regarding a loan; 3) in order to influence the bank's actions. Theron v. United States, 832 F.2d 492, 496-97 (9th Cir.1987).
 
 
 7
 Counts Two and Three pertained to Goodwin's submission of photocopied May 1986 financial statements to Mid-Cities National Bank. To support a conviction under section 1014, these statements must have been submitted by Goodwin "regarding a loan application." There was no loan application pending when Goodwin submitted the financial statements, and Goodwin did not tender a loan application until seven months later. Although a loan officer testified it was "common practice" for Mid-Cities to retain all financial documents submitted by a customer and review them in connection with a loan application, there is no evidence that this policy was communicated to Goodwin. Further, the responsible bank officer could not identify a specific time when the financial statements at issue were used or relied upon by the bank. He also testified that, as a policy, Mid-Cities only considered original rather than photocopied financial statements. In short, there was no evidence that Goodwin submitted the May 1986 financial statements for the purpose of obtaining a loan and no evidence that Mid-Cities specifically relied upon those statements in agreeing to fund the loan. Thus, Counts Two and Three fail for insufficiency of evidence.
 
 
 8
 Counts Eleven and Fourteen allege that the December 1987 financial statement did not fully disclose encumbrances and falsely listed as an asset a promissory note from ESI, Inc., which did not exist. We cannot agree that sufficient evidence exists to support the former allegation. Footnote three to the December 1987 application sufficiently identifies the encumbrances at issue. As government counsel rightly conceded at oral argument, the statements in footnote three are accurate. If those representations were the only ones at issue, we would have to reverse for insufficiency of the evidence. However, sufficient evidence exists that the promissory note from ESI, Inc., was falsified to sustain the convictions under Counts Eleven and Fourteen.
 
 
 9
 After careful review, we find sufficient evidence on all of the remaining counts to support Goodwin's conviction under 18 U.S.C. § 1014 and 18 U.S.C. § 2. The documents he submitted and signed were inaccurate, were submitted in relation to various loan applications, and were presented to the banks with the intention of influencing the banks' loan decisions.
 
 II
 
 10
 Goodwin argues that numerous portions of the jury instructions were incorrect or misstated the law. At oral argument, Goodwin concentrated on Jury Instruction 28, which stated that "[i]f a defendant knowingly makes a false statement with intent to influence the bank, it is not a defense that the defendant made a truthful statement elsewhere."[1]
 
 
 11
 In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberations. United States v. de Cruz, 82 F.3d 856, 864 (9th Cir.1996). A single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge. United States v. Harrison, 34 F.3d 886, 889 (9th Cir.1994). To the extent that Instruction 28 may have tended to mislead the jury, other instructions provided adequate guidance to place Jury Instruction 28 in proper context, among them Instructions 25 and 26.
 
 
 12
 However, we also find no error in Instruction 28. See, e.g., United States v. Ryan, 828 F.2d 1010, 1018-1019 (3d Cir.1987) (later truthful response on a credit card application did not protect the applicant from section 1014 liability when application had false statements in other sections); Theron, 832 F.2d at 497 (a loan applicant's failure to disclose the full extent of his liabilities can form the basis of liability under 18 U.S.C. § 1014).
 
 
 13
 We find no error in Instructions 2, 31 and 38, which he contends omit various elements of section 1014. The jury was properly instructed as to the elements of section 1014. Instructions 2, 31 and 38 were properly given and were not misleading in the context of the instructions as a whole.
 
 III
 
 14
 The court held a sentencing hearing on the Maryland National Bank loss and the defendant gave what he deemed to be an "exhaustive presentation." The court did reduce the total loss to reflect the uncertainties surrounding who was responsible for loss of equipment, resolving the differences in the Defendant's favor. The court committed no error in refusing to deduct from the loss calculation amounts he claimed should have been recovered in bankruptcy proceedings. We rejected a similar argument in United States v. Sarno, 73 F.3d 1470 (9th Cir.1995) (total loss for sentencing purposes should not be reduced because the defendant believed his company's failure to repay a loan was due to subsequent conduct of other parties). Thus, the district court's loss calculation was not clearly erroneous.
 
 
 15
 The court also enhanced Goodwin's offense level under section 3C1.1 for obstruction of justice based on his perjury at trial. The court's explanation of this enhancement met the requirements of United States v. Dunnigan, 507 U.S. 87 (1993). We find no error.
 
 IV
 
 16
 The district court did not abuse its discretion in admitting the loan files as evidence. Sufficient foundation was laid that the records were kept in the usual and ordinary course of business. With sufficient foundation laid, Defendant's objections went to the weight of the evidence, not its admissibility.
 
 Conclusion
 
 17
 We reverse Goodwin's conviction for Counts Two and Three for insufficient evidence. We affirm his conviction on all remaining counts. The jury instructions were proper and the factual findings in support of the defendant's sentence were not clearly erroneous. There being no other errors, we remand to the district court for resentencing in accordance with our findings on Counts Two and Three.
 
 
 18
 AFFIRMED IN PART; REVERSED IN PART AND REMANDED
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The record seems to indicate that the defense did not object to this instruction, but the government conceded in its briefing and at oral argument that generalized objections were made which properly put this at issue